UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WAYNE CHRISTOPHER HANSEN,

      Petitioner,

v.

                                                    CASE NO. 6:03-cv-1292-Orl-18DAB
                                                        (6:94-cr-57-Orl-18DAB)

UNITED STATES OF AMERICA,

      Respondent.

---

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Wayne Christopher Hansen (Doc. No. 1). The Government filed a response to the motion (Doc. No. 15), and Petitioner filed a reply to the response (Doc. No. 18).

Petitioner alleges a total of ten claims in his motion:[1] (1) he received ineffective assistance of trial counsel; ( 2) application of the obstruction of justice enhancement violated the *Ex Post Facto* Clause of the United States Constitution, (3) the obstruction of the evidence enhancement was not established by a preponderance of the evidence: (4) the district court failed to make specific findings of fact as to the application of the obstruction of justice enhancement; (5) application of the obstruction of justice enhancement violates the Fifth and Sixth Amendments of the United States Constitution; (6) his prison sentence exceeds the statutory maximum set forth in 28 U.S.C. § 841(b)(1)(D); (7) the Government breached the plea agreement by failing to recommend the low end

---

[1]Petitioner's section 2255 motion included ten claims. *See* Doc. No. 1. However, claims one and nine are identical in that they raise the issue of whether trial counsel provided ineffective assistance. *See id.* at 5, 8. Therefore, the original motion actually asserted only nine claims. Subsequently, the Court allowed Petitioner to supplement his motion to include an additional claim based on *Blakely v. Washington*, 542 U.S. 296 (2004). *See* Doc. Nos. 20, 29. Accordingly, there are ten claims for the Court's review.

of the Sentencing Guidelines; (8) he received ineffective assistance of counsel on direct appeal; (9) the classification of marijuana in 21 U.S.C. § 812 as a schedule one drug is contrary to the definition of a schedule one drug; and (10) pursuant to *Blakely v. Washington*. 542 U.S. 296 (2004), the Court erred in applying the obstruction of justice enhancement.

## I.    *Procedural History*

Petitioner was charged in a seven count indictment with one count of engaging in a criminal enterprise, wherein he served as the organizer or leader. in violation of 21 U.S.C. §§ 848 and 853 (count one); three counts of conspiracy to import marijuana on board a vessel into the United States, in violation of 21 U.S.C. §§ 952(a) and 963 (counts two, four and six); two counts of importing marijuana on board a vessel into the United States, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (counts three and five); and one count of attempting to import marijuana on board a vessel into the United States. in violation of 21 U.S.C. § 963 and 18 U.S.C. § 2 (count seven) (Criminal Case No. 6:94-cr-57-Orl-18DAB. Doc. No. 7, filed April 21. 1994).[2]  On November 28, 2000. pursuant to a written plea agreement (Criminal Case Doc. No. 49). Petitioner entered a plea of guilty to counts four and six of the indictment. *See* Criminal Case Doc. No. 51.  The Court accepted the plea and adjudicated Petitioner guilty of counts four and six (Criminal Case Doc. No. 51).  A sentencing hearing was conducted, and on March 22. 2001. this Court entered a Judgment in a Criminal Case, sentencing Petitioner to a 160 month term of imprisonment to be followed by 60 months of supervised release (Criminal Case Doc. No. 62).[3]

---

[2]Hereinafter, Criminal Case No. 6:94-cr-57-Orl-18DAB will be referred to as "Criminal Case."

[3]Counts one. two. three. five, and seven of the indictment were dismissed on the motion of the Government. *See* Criminal Case Doc. No. 62.

Petitioner filed a direct appeal of his sentence and conviction with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion, which was entered on February 8, 2002. *See* Criminal Case Doc. No. 87. Mandate issued on March 12, 2002. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 7, 2002.

## II.    Analysis

### A.    Ineffective Assistance of Counsel

To demonstrate a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When considering whether counsel's performance is deficient, courts must presume that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989). The prejudice prong is established if the petitioner shows that there is a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### 1.    Claim One - Ineffective Assistance of Trial Counsel

Petitioner alleges that he received ineffective assistance of trial counsel such that his plea was not knowing and voluntary. Petitioner argues that trial counsel was ineffective for (1) failing to

3

investigate potential defenses, (2) failing to provide him copies of the relevant Sentencing Guidelines and case law, (3) coercing him to plead guilty,[4] and (4) failing to object to the enhancement of his sentence based on *Apprendi*.[5]

### a. Voluntariness of Petitioner's Plea of Guilty

To determine whether a guilty plea was made knowingly and voluntarily, courts must ascertain whether "'(1) the guilty plea [was made] free from coercion; (2) the defendant . . . understand the nature of the charges; and (3) the defendant . . . [knew] and [understood] the consequences of his guilty plea." *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999) (quoting *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998)). To be entitled to collateral relief in cases where a guilty plea is challenged based on ineffective assistance of counsel, "a petitioner must 'prove serious derelictions on the part of counsel sufficient to show that [the] plea was not, after all, a knowing and intelligent act.'" *Cruz v. United States*, 2006 WL 1889947, *3 (11th Cir. 2006). "A defendant who enters a guilty plea on the advice of counsel may attack the voluntary and intelligent character of the plea by showing that counsel acted incompetently by advising defendant to accept the plea." *United States v. Zazueta*, 2006 WL 1440891, *4 (D. Ariz. 2006). The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge of a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a

---

[4]Petitioner's assertion that trial counsel coerced him into pleading guilty is based on trial counsel's purported erroneous advise or lack of advise concerning his potential sentence enhancements pursuant to the Sentencing Guidelines.

[5]*Apprendi* holds that any fact, other than that of a prior conviction, which increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

The record in the instant case indicates the following. The plea agreement provided as to count six that Petitioner introduced two co-conspirators in order to make arrangements for loading a boat with marijuana in Jamaica and that Petitioner lent David Randy Carli $130,000 for attorney's fees for Christopher Garcia and Edward O'Meara, who were arrested for smuggling marijuana into the United States, and at Carli's request, Petitioner gave Melanie Bray, the girlfriend of Garcia, $50,000 (Criminal Case Doc. No. 49 at 16-17). The plea agreement states that these payments were made "in order to assist David Randy Carli in keeping the crew members happy and buying their silence." *Id.* at 17. Petitioner signed the plea agreement and initialed all the pages of the agreement.

During the plea hearing, Petitioner indicated that he understood that he was pleading guilty to counts four and six of the indictment for conspiring to import marijuana into the United States. (Criminal Case Doc. No. 82 at 2). Furthermore, when asked if his attorney had explained the offenses to him, Petitioner responded affirmatively. *Id.* at 3. The Court advised Petitioner that counts four and six each carry a mandatory minimum sentence of five years and a maximum sentence of forty years of imprisonment, and when asked if his attorney had explained the federal guidelines for sentencing, Petitioner responded that he had. *Id.* at 3. When asked if anyone had threatened him or made promises other than what was in the written plea agreement to induce him to plead guilty, Petitioner said no. *Id.* at 4. Finally, Petitioner told the Court that he was guilty of counts four and six. *Id.* at 5.

As discussed more fully in section (b) immediately following this section, Petitioner has not proven serious derelictions on the part of trial counsel sufficient to show that his plea was not voluntarily or knowingly made. *See, e.g., Thomas v. United States,* 27 F.3d 321, 325-26 (8th Cir.

5

1994) (holding that trial counsel's failure to inform the defendant of the possibility that he could be sentenced as a career offender did not establish deficient performance); *Johnson v. Wainwright*, 456 F.2d 1200 (5th Cir. 1972) (per curiam) (patently incorrect advice that the maximum sentence was fifteen years rather than twenty years did not render guilty plea involuntary or uninformed); *Cf. Betancourt v. Willis*, 814 F.2d 1546, 1548 (11th Cir. 1987) (finding that plea was involuntary because the defendant established prejudice pursuant to *Hill* based on a finding that the defendant would not have pled guilty absent trial counsel's promises of a sentence reduction).

### b. Trial Counsel's Conduct Leading to Petitioner's Entry of a Plea of Guilty

Petitioner asserts that trial counsel provided ineffective assistance of counsel based on counsel's performance prior to him pleading guilty. Specifically, Petitioner asserts that trial counsel (1) failed to investigate potential defenses, (2) failed to provide Petitioner with copies of the Sentencing Guidelines or to explain the Sentencing Guidelines, and 3) "coerced" Petitioner to plead guilty. For the following reasons, the Court finds that Petitioner has not established a claim of ineffective assistance of trial counsel based on these allegations.

Assuming that trial counsel's performance was deficient based on his alleged (1) failure to investigate potential defenses, (2) failure to provide Petitioner with copies of the Sentencing Guidelines or to explain the Sentencing Guidelines, and 3) "coercing" Petitioner to plead guilty, Petitioner has not demonstrated that he was prejudiced by trial counsel's alleged conduct. Had Petitioner proceeded to trial on counts four and six and been found guilty, he would have faced a minimum sentence of five years and a maximum sentence of forty years for each count. *See* 21 U.S.C. § 960(b)(2)(G). Moreover, he would have faced a minimum sentence of five years and a maximum sentence of forty years each for counts two, three, and five. In such circumstances, it cannot be said that counsel's advice to Petitioner to plead guilty was objectively unreasonable. *See,*

*e.g., Zazueta.* 2006 WL 1440891 at \*5 (holding that counsel's advice to accept the terms of the plea agreement, which provided a lower sentence on one count than the sentence that the petitioner would have faced on two counts had he proceeded to trial, was not deficient). More importantly, however, Petitioner has not asserted that, but for counsel's alleged (1) failure to investigate, (2) advice or alleged coercion to plead guilty, or (3) failure to provide him with the Sentencing Guidelines or explain the Sentencing Guidelines, including possible enhancements, he would have rejected the plea agreement and proceeded to trial. Instead, he asserts that he would have "insisted on further negotiations with the Government before pleading guilty to count six" and "would have insisted on having that part of the plea about 'Buying Their Silence' removed from plea [sic]." (Doc. No. 18 at 3, 5.) Accordingly, Petitioner has not established prejudice because he has not shown that there is a reasonable probability that, but for his trial counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

### c. *Trial Counsel's Failure to Raise Apprendi Issues at Sentencing*

Petitioner also asserts that he received ineffective assistance of trial counsel based on counsel's failure to object to the application of the obstruction of justice enhancement and the drug quantities based on *Apprendi.*[6] Even assuming that trial counsel's failure to raise these *Apprendi* issues constituted deficient performance. Petitioner has not established that he was prejudiced by this failure.

The Eleventh Circuit has held that "*Apprendi* is implicated only when a judge-decided fact actually increases the defendant's sentence beyond the prescribed statutory maximum for the crime of conviction." *United States v. Sanchez,* 269 F.3d 1250, 1262 (11th Cir. 2001). In other words, an

---

[6]Claims five and six of the instant 2255 motion raise these *Apprendi* issues.

*Apprendi* "error occurs only when a defendant is sentenced beyond the statutory maximum for the offense." *United States v. Underwood,* 446 F.3d 1340. 1345 (11th Cir. 2006). In the instant case, pursuant to 21 U.S.C. § 960(b)(2)(G). Petitioner was subject to a maximum sentence of forty years for both counts four and six. Petitioner. however, only received a combined total of 160 months of imprisonment for both counts. Petitioner, therefore, was sentenced well below the statutory maximum and *Apprendi* was not implicated. Moreover, the obstruction of justice enhancement was supported by Petitioner's plea of guilty and the plea agreement. Accordingly, Petitioner has not established that there is a reasonable probability that but for trial counsel's alleged errors. his sentence would have been different.

2.     *Claim Eight - Ineffective Assistance of Appellate Counsel*[7]

Petitioner asserts that appellate counsel was ineffective for failing to (1) communicate with him, (2) sufficiently and timely brief the issues raised on appeal. (3) raise a claim that marijuana should not be classified as a schedule one drug, (4) provide him with transcripts from the plea and sentencing hearings, and (5) raise a claim that the Government breached the plea agreement.

*a.   Failure to Communicate and Sufficiently Brief and Timely Raise Issues*

Petitioner asserts that appellate counsel failed to communicate with him. and as a result. appellate counsel (1) untimely raised the *Apprendi* issue in the appellate reply brief; (2) failed to sufficiently brief the issue of whether his sentence violated the *Ex Post Facto* Clause, (3) failed to sufficiently brief or raise the issue that this Court allegedly failed to find by a preponderance of the evidence that the obstruction of justice enhancement applied; (4) untimely raised the claim that the Court failed to make specific findings of fact as to the application of the obstruction of justice

---

[7] Upon the motion of Petitioner, after sentencing, the Court appointed Petitioner a new attorney to represent him in the appeal of his sentence. *See* Criminal Case Doc. No. 65.

enhancement; and (5) failed to assert a claim that the classification of marijuana as a schedule one drug is incorrect and ambiguous.

The Court need not address whether counsel's alleged failure to raise these issues, whether timely or not, or sufficiently brief these issues constitutes deficient performance because Petitioner has not established that he was prejudiced by these failures.  As noted previously, pursuant to Eleventh Circuit case law, a reasonable probability does not exist that Petitioner would have prevailed on an *Apprendi* claim even if it had been timely raised.

Furthermore, appellate counsel's purported failure to sufficiently argue that Petitioner's sentence pursuant to § 3C1.1 USSG (2000) violates the *Ex Post Facto* clause of the United States Constitution because § 3C1.1 USSG (1990) was applicable cannot be deemed to have prejudiced Petitioner.[8] In his current motion, Petitioner has not alleged any basis on which it can be determined that the application of the 2000 Sentencing Guidelines violated the *Ex Post Facto* Clause.  Both the 1990 and 2000 Sentencing Guidelines for the obstruction of justice enhancement provided a two-level upward adjustment.  Petitioner, therefore, was not subject to a greater punishment by application of the 2000 obstruction of justice guideline enhancement.  *See United States v. Sloan,* 97 F.3d 1378, 1381 (11th Cir. 1996) (noting that the guidelines in effect at the time of sentencing generally apply except that the *Ex Post Facto* clause prohibits an amendment to the guidelines from

---

[8]On direct appeal, counsel raised the issue of whether the 1990 Sentencing Guidelines were applicable. *See* Doc. No. 15, Exh. 1 at 4-6. In addressing this claim, the Eleventh Circuit noted that both the 1990 and 2000 Sentencing Guidelines authorized a two-level enhancement "if the defendant willfully impeded or obstructed, or attempted to impede or obstruct, the administration of justice during the investigation or prosecution of the instant offense." *United States v. Hansen,* Case No. 01-11658, *3 (11th Cir. February 8, 2002). As such, the appellate court concluded that this Court properly applied the 2000 Sentencing Guidelines. *Id.*

being applied in a manner which subjects a person to a greater statutory or guidelines punishment than was authorized prior to the amendment).

Additionally, with respect to appellate counsel's failure to timely raise or sufficiently brief the issues of whether the Court applied the obstruction of justice enhancement based on specific findings of fact and based on a preponderance of the evidence, the Court reiterates that the decision to apply the obstruction of justice enhancement was based on the plea agreement and Petitioner's plea of guilty, which supported the application of the enhancement by a preponderance of the evidence. Likewise, the record clearly reflects that the Court made specific findings of fact as to the application of the obstruction of justice enhancement based on the statements contained in the plea agreement. As such, no prejudice resulted from appellate counsel's failure to timely raise these issues or sufficiently brief them.

Finally, Petitioner's assertion that appellate counsel failed to raise the issue that marijuana's classification as a schedule one drug is incorrect and ambiguous does not establish a claim for ineffective assistance. Petitioner asserts no arguable legal basis, and the Court has located no legal basis, on which a finding may be predicated that marijuana is unconstitutionally classified as a schedule one drug. It cannot be said, therefore, that a reasonable probability exists that but for appellate counsel's alleged failure to communicate with Petitioner, raise these issues, whether timely or not, or sufficiently brief these issues, that the outcome of the direct appeal would have been different. Accordingly, Petitioner has not demonstrated that he was prejudiced by appellate counsel's alleged failure to communicate with him, raise these claims, sufficiently brief these claims, or timely raise them.

### b. *Failure to Provide Copies of Transcripts and Raise Breach of Plea Agreement*

Petitioner asserts that appellate counsel was deficient for failing to provide him copies of

transcripts. which would have established that the Government breached the plea agreement. Petitioner argues that appellate counsel should have raised the Government's alleged breach of the plea agreement on appeal and his failure to do so resulted in ineffective assistance of appellate counsel.

Assuming that appellate counsel was deficient for failing to provide Petitioner with copies of the transcripts from the plea and sentencing hearings and for failing to raise the issue of breach of the plea agreement on direct appeal, Petitioner has not established that he suffered prejudice from appellate counsel's conduct. Petitioner alleges that the Government breached the plea agreement because it failed to recommend the low end of the guideline range and advocated the obstruction of justice enhancement. The transcript of the sentencing hearing indicates, however, that the Government told the Court that for consistency it agreed with defense counsel's assertion that Petitioner's sentence should not be enhanced based on obstruction of justice. (Criminal Case Doc. No. 81 at 3-4). Furthermore, prior to Petitioner's sentencing hearing, in response to the PSI, the Government filed a written objection to the application of the obstruction of justice enhancement. Despite the Government's objection, the Court determined that the record established that the obstruction of justice enhancement factor applied. *Id.* at 4-6.

Petitioner has not established, therefore, that the Government breached the plea agreement.[9] *Cf.*

---

[9] To the extent that Petitioner asserts that the plea agreement was breached because he was charged with additional charges based on the application of enhancements, the Court finds this argument unavailing. Contrary to Petitioner's assertion that the plea agreement failed to warn of enhancements, the plea agreement provides that the Government would recommend a base offense level of 32, a downward adjustment for acceptance of responsibility, and an upward adjustment for the role in the offense. (Criminal Case Doc. No. 49 at 3). Furthermore, the plea agreement indicates that "[t]he defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and Sentencing Guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office." *Id.* at 11.

*United States v. Taylor*, 77 F.3d 368, 369-70 (11th Cir. 1996) (concluding that the Government's statement in response to the PSI advocating the application of an enhancement factor that would increase the sentence the Government agreed to recommend resulted in a breach of the plea agreement). As such, Petitioner has not established that there is a reasonable probability that but for appellate counsel's failure to raise this issue or provide him with the transcripts, the result of his direct appeal would have been different.

### B.    *Procedural Default*

Claims six, seven, nine, and ten[10] were not raised on direct appeal. Furthermore, claims two through five were either not raised on direct appeal or were raised and considered by the Eleventh Circuit.

The Eleventh Circuit has long held that pursuant to "the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United*

---

[10]In claim ten, Petitioner asserts that his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the United States Supreme Court applied the rule established in *Apprendi* and held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303-04. Accordingly, the statutory maximum is the maximum that may be imposed based solely on the jury's verdict or the defendant's plea of guilty without finding any additional facts. *Id.*

Subsequent to Petitioner's filing of the instant § 2255 motion, the United States Supreme Court held that *Blakely* applies to the United States Sentencing Guidelines, pursuant to which Petitioner was sentenced. *United States v. Booker*, 543 U.S. 220, 226-27 (2005). The United States Court of Appeals for the Eleventh Circuit, however, has determined that *Booker* does not apply retroactively to cases, like the instant case, that are on collateral review. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (holding "that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). As such, Petitioner may not pursue claim ten on collateral review.

*States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001)). Generally, this rule applies to all claims, including constitutional claims. *Lynn*, 365 F.3d at 1234. In order to proceed when the procedural default rule applies, the petitioner must establish either 1) cause excusing his failure to raise the claim and actual prejudice resulting from the alleged error or that 2) "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995).

"To establish 'cause' for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly. . . ." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Receiving constitutionally ineffective assistance of counsel may establish cause to excuse procedural default. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). To establish prejudice, the petitioner must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright*, 169 F.3d at 706 (quoting *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir.1992)). Furthermore, when the petitioner maintains that ineffective assistance of counsel was the cause of the procedural default, the petitioner must establish that counsel's assistance "actually prejudiced" the case. *Reece v. United States*, 119 F.3d 1462, 1468 (11th Cir. 1997).

Petitioner asserts that cause and prejudice exist for his failure to raise claims two, three, four, five, six, seven, and nine on direct appeal. Specifically, Petitioner maintains that cause and prejudice are established based on ineffective assistance of trial and appellate counsel, as alleged in claims one and eight of the instant section 2255 motion. As discussed *supra*, however, Petitioner has not established that he received ineffective assistance of either appellate or trial counsel. Therefore, Petitioner has not shown that he received constitutionally ineffective assistance of counsel or that

13

trial and appellate counsel's alleged errors actually and substantially disadvantaged his defense such that he was denied fundamental fairness. Accordingly, cause and prejudice has not been proven to overcome the procedural default of claims two, three, four, five, six, seven, and nine.[11]

## III.   CONCLUSION

The Court concludes that Petitioner has not established that he received ineffective assistance trial or appellate counsel and claims one and eight must be denied. Consequently, Petitioner has not established cause and prejudice excusing his failure to raise claims two through seven and nine on direct appeal. Finally, claim ten based on *Blakely* may not be raised on collateral review, and is therefore, denied.

Any of Petitioner's allegations not specifically addressed herein are determined to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed September 8, 2003) by Wayne Christopher Hansen is **DENIED**, and this case is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

---

[11] The Court notes that Petitioner argued on direct appeal that his sentence pursuant to § 3C1.1 USSG (2000) violates the *Ex Post Facto* Clause of the United States Constitution and that the Court failed to apply the obstruction of justice enhancement based on a preponderance of the evidence. To the extent that portions of claims two, three, or four were raised on direct appeal, the Court determines that those portions cannot be relitigated on a section 2255 motion because Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration of those issues. *See Gerrow v. United States,* 140 Fed. Appx. 182, 183 (11th Cir. 2005); *see also United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000) (holding that "once a matter has been decided adversely to a defendant on direct appeal it cannot be relitgated in a collateral attack under section 2255.").

3.      The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:94-cr-057-Orl-18DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 89) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this ___/_ day of August, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/15
Wayne Christopher Hansen
Counsel of Record